**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

ARLENE SANTIAGO SANTIAGO,                   CASE NO. 17-00191 EAG

      DEBTOR.                                CHAPTER 7

_____

ROBERTO TORRES AGUIAR,

      PLAINTIFF,                             ADV. PROCEEDING NO. 17-00104

  v.

ARLENE SANTIAGO SANTIAGO,

      DEFENDANT.                             FILED & ENTERED ON 3/28/2018

_____

**OPINION AND ORDER**

Plaintiff Roberto Torres Aguiar moves the court for summary judgment against defendant Arlene Santiago Santiago on his complaint to except from discharge his claim against her based on a division of community property judgment issued by the Puerto Rico Superior Court, Ponce Part. [Adv. Dkt. No. 25.]  For the reasons stated herein, Mr. Torres' motion for summary judgment is granted and his claim against Mrs. Santiago is excepted from discharge under sections 523(a)(2)(A) and 523(a)(4)(B) of the Bankruptcy Code.[1]

_____

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section"and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. PROCEDURAL BACKGROUND

Mrs. Santiago filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 7, 2017, which was docketed as case number 17-00191. [Bankr. Dkt. No. 1.] In schedule E/F, Mrs. Santiago included Mr. Torres as a creditor with a disputed, contingent, and unliquidated claim in the amount of $274,655.55 based on obligations arising out of a separation agreement or divorce. [Bankr. Dkt. No. 6.]

On April 13, 2017, Mr. Torres commenced the adversary proceeding of caption to except his claim from discharge under sections 523(a)(2)(A) and 523(a)(4), and for denial of discharge under sections 727(a)(4)(A) and 727(a)(4)(B). [Bankr. Dkt. No. 31; Adv. Dkt. No. 1.] The complaint alleges that Mrs. Santiago defrauded and stole from Mr. Torres during their marriage while administering his medical office and their marital household affairs. [Adv. Dkt. No. 1.]

On November 2, 2017, Mr. Torres moved for summary judgment against Mrs. Santiago on the counts under sections 523(a)(2)(A) and 523(a)(4). [Adv. Dkt. No. 25.] Mr. Torres

requested the dismissal without prejudice of the counts under sections 727(a)(4)(A) and 727(a)(4)(B). [Id. at ¶ 3.]  Mrs. Santiago did not oppose the motion for summary judgment.[2]

### III.  LOCAL ANTI-FERRETING RULE

The local anti-ferreting rules "aid the court in identifying genuine issues of material fact which will necessitate denial of summary judgment . . . ." Rosa Morales v. Santiago Diaz, 338 F. Supp.2d 283, 294 n.2 (D.P.R. 2004) (citing L.Civ.R. 56(c) and Corrada Betances v. Sea-Land Serv. Inc., 248 F.3d 40, 43-44 (1st Cir. 2001)).  Local Civil Rule 56(b) requires a party moving for summary judgment to file, annexed to its motion, "a separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried . . . supported by a record citation . . . ." L.Civ.R. 56(b).  Local Civil Rule 56(c) then requires the nonmoving party to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. L.Civ.R. 56(c).  Local Civil Rule 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."  The anti-ferreting provisions of Local Civil Rule 56 also provide that the court has "no duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L.Civ.R. 56(e).

---

[2] Under Local Bankruptcy Rule 9013-1(c)(1), Mrs. Santiago had until November 19, 2017, to oppose Mr. Torres' motion for summary judgment.  Although that deadline had already expired, the court on November 28, 2017, motu proprio, ordered Mrs. Santiago to state her position on the motion for summary judgment by December 12, 2018.  Mrs. Santiago did not respond.  [Adv. Dkt. No. 27.]

The court deems that Mr. Torres complied with Local Civil Rule 56(b) by including in his motion for summary judgment a separate section, entitled "background," which contains his uncontested material facts in individually numbered paragraphs supported by record citations and a certified English translation of the state court judgment. Mrs. Santiago, however, ran afoul of Local Civil Rule 56(c) by failing to oppose Mr. Torres's uncontested material facts. Therefore, as provided by Local Civil Rule 56(e), all properly supported facts set forth by Mr. Torres are deemed admitted. See Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45-46 (1st Cir. 2004) ("We have consistently upheld the enforcement of this rule, noting repeatedly that 'parties ignore [it] at their peril' and that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.'") (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citing prior cases)).

## IV. UNCONTESTED FACTS

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d), as found in the record of this case and the statement of proposed uncontested facts filed by Mr. Torres at docket number 25:

Mrs. Santiago and Mr. Torres were divorced on March 31, 2008 through a judgment issued by the Superior Court of Puerto Rico, Ponce Part, in case number JDI2006-0763. [Statement of Proposed Uncontested Facts filed by Mr. Torres ( the "SUF") at ¶ 14, Adv. Dkt. No. 25; Judgment in case number JAC2008-0453, Adv. Dkt. No. 1, Ex. 1-1, p. 2.]

On October 15, 2013, the Superior Court of Ponce entered judgment in case number JAC2008-0453 filed by Mr. Torres against Mrs. Santiago for the division of community property (the "state court judgment").  [SUF at ¶ 16, Adv. Dkt. No. 25; Adv. Dkt. No. 1, Ex.1-1.]

As per the state court judgment, the parties entered into a prenuptial agreement prior to their marriage to keep separate their respective property. [Adv. Dkt. No. 1, Ex.1-1, p. 2.] But, once married, the parties disregarded the terms of the prenuptial agreement and acted as a partnership of profits and losses or community. [Id. at pp. 2-3.]

Mr. Torres dedicated himself to his practice as a doctor while Mrs. Santiago worked and administered his medical office. [Id. at. p. 3.]  While Mr. Torres generated the income for the partnership, Mrs. Santiago administered the medical office by receiving and charging for the services, billing medical insurance companies, paying debts, supervising the staff, opening and depositing in bank accounts in the name of the two spouses, ensuring that the corresponding tax forms were filed. [Id. at. p. 20.]

Mrs. Santiago was also responsible for the administration and management of the household affairs. [Id. at pp. 3-4.] During their marriage, the parties acquired real and personal property guaranteeing their obligations jointly and severally without mention of the prenuptial agreement. [Id.] The parties acquired two real estate properties: an office and a residence, both located in Ponce. [Id. at. pp. 4-5.] Mrs. Santiago was in charge of administering the assets of the community, but failed to pay the mortgage creditors which resulted in the execution of the real properties.  [Id. at. p. 10] The real properties were also subject to state and federal embargos as a result of non-payment of taxes. [Id.] The parties also acquired works of art and other personal property such as appliances and furniture. [Id. at. pp. 5-7.]

5

During the marriage, Mrs. Santiago developed a pattern of retaining for herself and diverting large sums of money belonging to their community, all without Mr. Torres's consent or knowledge. [Id. at p. 10.] These accounts were opened exclusively under Mrs. Santiago's name and as a result of discovery in the divorce and division cases were found to amount to approximately $340,811.30. [Id. at pp. 10-11.] Mrs. Santiago also obtained and maintained during the marriage insurance policies in her benefit that she paid with funds from the partnership, without Mr. Torres's knowledge or consent. [Id. at p. 12.]

The state court found that Mrs. Santiago took advantage of her position of trust within the community that existed between her and Mr. Torres. [Id. at p. 22.] It also found that Mrs. Santiago retained property and diverted funds to the detriment and impairment of the participation rights of Mr. Torres. [Id. at p. 23.]

As such, the state court entered judgment against Mrs. Santiago ordering her to pay to Mr. Torres the following amounts:

A Judgment is issued condemning the defendant Arlene Santiago Santiago to the payment of half of all debts incurred during the marriage with the claimant including, but not limited to, mortgage debts and debts pending payment with the Puerto Rico Department of the Treasury and the Internal Revenue Services, without detriment to the right of creditors to choose who, in what way and how to collect their claims.

The defendant Arlene Santiago Santiago is ordered to pay the applicant the sum of $170,405.65, which corresponds to half of all funds that were deviated by the defendant to her private accounts of the partnership of profits and losses in the community of goods, what we know to this day the sum is of $340,811.30.

Arlene Santiago Santiago is also ordered to pay the plaintiff $52,500.00, or half the purchase price of the works of art listed in section II A above of this judgment, which amounts to $104,500.00. In addition, the appraisal of the

6

works of art is ordered and to pay the plaintiff half of the increase in value of the artworks to this day.

The defendant Arlene Santiago Santiago is ordered to pay to the plaintiff Roberto Torres Aguiar the sum of $51,750.00, or half the value of the movable property that was located on the property of the Urbanization Haciendas del Monte, 6916 Paseo Concordia St., Barrio Coto Laurel de Ponce, and that she retained for herself, and whose value amounted to the sum of $103,500.00.

The defendant is required to pay legal interest in all of the sums above from the dissolution of the marriage up to the date of this judgment, as well as the costs and expenses of the litigation, and the sum of $5,000.00, for attorney fees for temerity.

All of the amounts above will accrue legal interest from the date of judgment to its total payment.

[Id. at pp 23-25.]

The Puerto Rico Court of Appeals affirmed the state court judgment through a judgment dated August 29, 2016,which is now final and unappealable. [Adv. Dkt. 25, p. 17; Adv. Dkt. 20-2.]

## V.  SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).  The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is

7

"entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially outcome-determinative. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg

8

v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

## VI. APPLICABLE LAW AND DISCUSSION

Under the full faith and credit statute, a state-court judgment has the same preclusive effect in bankruptcy court as in that state's court. 28 U.S.C. § 1738. "The doctrines of res judicata and collateral estoppel under both federal and state court jurisprudence preclude relitigation of claims and/or issues which have been or could have been litigated in a prior judicial action for which judgment has been rendered." Sistemas Integrados De Salud Del Suroeste, Inc. v. Medical Educ. & Health Servs. (In re Medical Educ. & Health Servs.), 474 B.R. 44, 54 (D.P.R. 2012) (quoting Muñoz Rivera, et al. v. Walgreens Co., et al., 428 F. Supp.2d 11, 19 (D.P.R.2006)). "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." Medical Educ. & Health Servs., 474 B.R. at 54 (quoting United States v. Mendoza, 464 U.S. 154, 158 (1984)).

"Res judicata applies when the following exist: '(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions.'" Gonzalez-Piña v. Guillermo Rodriguez, 407 F.3d 425, 429 (1st Cir. P.R. 2005) (quoting Breneman v. United States ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004)). Collateral estoppel applies in bankruptcy dischargeability proceedings. And, "for collateral estoppel to apply,

three factors must be present: 'there must be an identity of issues; the prior proceedings must have resulted in a final judgment on the merits; and the party against whom collateral estoppel is sought must be the same as or in privity with the party in the prior proceeding'". Read & Lundy, Inc. v. Brier (In re Brier), 274 B.R. 37, 43 (Bankr. D. Mass. 2002) (quoting George v. Fadiani, 772 A.2d 1065, 1067-68 (R.I. 2001).

Collateral estoppel principles apply in proceedings under § 523(a) to except debt from discharge. See, B.B. v. Bradley (In re Bradley), 466 B.R. 582, 586 (B.A.P. 1st Cir. 2012) (quoting Grogan v. Garner, 498 U.S. 279, 284 n. 11 (1991)). For instance, in Piccicuto v. Dwyer, 39 F.3d 37, 39 (1st Cir. 1994), a creditor filed an adversary complaint to except from discharge under section 523(a)(6) a claim based on a Massachusetts-court, money judgement against a debtor "for, *inter alia*, intentional interference with an advantageous business relationship and unfair trade practices in a commercial context." The bankruptcy court in Piccicuto denied the creditor's motion for summary judgment based on claim preclusion and entered instead summary judgment in favor of the debtor. The district court affirmed. The court of appeals reversed and entered summary judgment in favor of the creditor, holding that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim" and that the Massachusetts "court's unambiguous and factually supported findings must be given effect in this action." Piccicuto, 39 F.3d at 41-42.

Mr. Ortiz is plaintiff and Mrs. Santiago defendant in both the state court lawsuit and this adversary proceeding. The issues litigated in state court are substantially identical to

10

those raised in this adversary proceeding. And the state court judgment is final and unappealable. Collateral estoppel now prevents Mrs. Santiago from relitigating the issues decided against her by the state court.

The state court found that Mrs. Santiago "took advantage of her position of trust" and "was diverting funds obtained for the partnership into private accounts of her own, without the knowledge and consent of the claimant." [Adv. Dkt. No 1, Ex. 1-1, p. 22.] It then ordered Mrs. Santiago to pay Mr. Ortiz the sums of $170,405.65 for diverted funds, $52,500 for the disappeared art work, $51,700 for personal property that she retained for herself, legal interest, cost, expenses and $5,000 in attorneys' fees. [Id. at 23-25.]

Section 523(a)(2)(A) excepts from discharge "any debt . . . for money, property, [or] services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A). And, section 523(a)(4) excepts from discharge "any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The state court found that Mrs. Santiago defrauded Mr. Torres while administering their household affairs and his medical office by diverting and stealing community funds and property for herself without Mr. Torres's knowledge or consent. The state court also found that Mrs. Santiago took advantage of her position of trust within the community that existed between her and Mr. Torres. And, that Mrs. Santiago failed to pay the mutual debts of the community she had with Mr. Torres triggering the execution of properties

11

and attachment from creditors.  The state court judgment is, thus, excepted from discharge under sections 523(a)(2)(A) and (a)(4).[3]

**VII.  CONCLUSION.**

For the above reasons, the court grants the motion for summary judgment filed by Mr. Torres.  [Adv. Dkt. No. 25.]   The judgment entered by the Superior Court in favor of Roberto Torres Aguiar and against Arlene Santiago Santiago is excepted from discharge pursuant to sections 523(a)(2)(A) and 523(a)(4) of the Bankruptcy Code.

The court also grants Mr. Torres' request  to dismiss without prejudice his causes of action in the complaint under sections 727(a)(4)(A) and 727(a)(4)(B) of the Bankruptcy Code.

In Ponce, Puerto Rico, this 28th day of March 2018.

Edward A. Godoy
U.S. Bankruptcy Judge

---

[3]/The court notes that while Mr. Torres moved for summary judgment under sections 523(a)(2) and (a)(4), section 523(a)(15) provides for the non-dischargeability of a debt "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . ." 11 U.S.C. § 523(a)(15).

12